OPINION
This is an appeal from a jury conviction in the Stark County Court of Common Pleas of possession of crack cocaine. (R.C. § 2925.11(A)).
Appellant was sentenced to six years imprisonment in addition to a fine.
Two Assignments of Error are raised:
 I. APPELLANT'S CONVICTION FOR POSSESSION OF A CONTROLLED SUBSTANCE, A SCHEDULE TWO SUBSTANCE, IN VIOLATION OF OHIO REVISED CODE 2925.11(A), WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE EXPLICIT FINDINGS THAT DEMONSTRATED WHY THE MINIMUM TERM OF IMPRISONMENT SHOULD NOT HAVE BEEN IMPOSED PER OHIO REVISED CODE 2929.14(B) AND FOR NOT CONSIDERING MITIGATING FACTORS PER THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING.
 STATEMENT OF THE FACTS AND CASE
On November 23, 2000 Canton Police Officers Brown and Williams were following a vehicle for a red light violation.
They observed the vehicle stop in front of a residence on Third St. S.E.
The two male occupants went to the porch of a residence and knocked.
The males were a short distance from the police cruiser.
The officers called to the men to come to the cruiser but, instead, they entered the home by opening the door.
Officer Brown testified that appellant threw a bag down from an upstairs window. The bag contained crack cocaine.
The First Assignment of Error asserts a lack of manifest weight and sufficiency of the evidence.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The discretionary power to grant a new" should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Martin at 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991) 61 Ohio ST.3d 259. The weight to be given evidence and the determination of credibility of witnesses are issues for the jury, not the reviewing court. State v. Jamison (1990),49 Ohio St.3d 182, cert. denied, 498 U.S. 881.
 I.
The arguments in support of the First Assignment of Error relate to certain variances in the testimony of Sgt. Kenneth Brown at the preliminary hearing and at trial and his failure to order fingerprint analysis as to the evidence even though appellant requested such.
The testimony at the preliminary hearing (T. at 199-200) was:
* * *
 Q. Now, at the top of that page are you not asked the question, — does it not say, "Who else was?" Answer, "Was to the rear?" Question, "In the room with him if you know?" Your answer was, "All I can say is that your client was there." You didn't say nothing there about another person, did you?
A. No, sir, because I wasn't asked.
 Q. Well, what does that mean? Who else was there and you say all I can tell you is your client. You don't say nothing about anybody else, do you? Yes or No?
 A. This is taken out of context because of the way the testimony was going.
* * *
On page 173 of the trial transcript the officer stated that he observed appellant at the window and Mr. Hawkins standing about a step behind.
It should be noted that the question asked at the preliminary hearing was as to how many people were in the upstairs room rather than at the window. Therefore, this may or may not be a discrepancy.
However, the jury's responsibility is to judge the witness credibility and discern whether this is a variance in testimony and the significance, if any, if such occurred.
As to the fingerprint examination, the officer testified that he observed appellant throwing the bag from the window. (T. at 177).
The officer made a judgment call as to the necessity of the possibility of fingerprint corroboration.
Again, the jury had the opportunity to consider the relevancy, or lack thereof, of such examination.
Based upon the facts noted supra, and the entire record, we do not find the jury's verdict was against the manifest weight of the evidence. The jury, was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. There was a sufficient, competent evidence to support the jury's finding.
The First Assignment of Error is overruled.
 II.
The Second Assignment of Error objects to the sentence imposed.
Revised Code § 2929.14(B) provides:
 (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
The testimony was that 73.5 grams of cocaine were involved.
It is conceded that appellant, had no prior felony convictions, although he had two adjudications as a juvenile for delinquency for possession of drugs. (T. at 486, 491).
The applicable potential sentence was three to ten years.
The trial court considered the prior juvenile findings (T. at 494) and the amount of drugs involved. (T. at 495-496).
The trial court also considered the age of appellant. (T. at 494).
Appellant did not testify at the sentencing hearing.
The trial court stated:
* * *
 Having said all of that and having considered the record, the oral statements, the principles and purposes of sentencing under Revised Code 2929.11, and balancing the seriousness and recidivism factors under Revised Code 2929.12, the Court finds that pursuant to Revised Code 2929.14 (B) that the shortest prison term possible will in fact demean the seriousness of the offense and will not adequately protect the public and therefore the Court is going to impose a greater term. (T. at 496).
* * *
The trial court is not required to provide reasons supporting its finding as to the seriousness of the offense nor the need to protect the public. State v. Edmonson (1999), 86 Ohio St.3d 324.
The reference to mitigating factors in this Assignment of Error is not well taken as nothing was provided to the trial court at the sentencing hearing other than the statements of counsel which the trial court reviewed such as appellant's age and child.
The Second Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Common Pleas Court, Stark County, Ohio is affirmed.
Costs to appellant.
Hon. William B. Hoffman, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.